**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Criminal Case No. 11-CR-00160-WJM-DW**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. BENNY WATTS,**

   **Defendant.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
FOR ORDER OF DETENTION**
_____

   **THIS MATTER** came before the Court for a Detention and Revocation Hearing on November 5, 2013 on a Petition and Supplemental Petition on Violation of Supervised Release and Warrant for Arrest of the Supervised Releasee. Present were the following: Todd Norvell, Assistant United States Attorney, John Baxter, counsel for the Defendant, the Defendant and Probation Officer Erika Hitti.

   The Petition and Supplemental Petition allege five (5) violations of Supervised Release by the Defendant. During the hearings on October 24, 2013 and November 5, 2013, the Defendant waived his right to Preliminary Hearings under Rule 32.1 of the Federal of Criminal Procedure and admitted the alleged violations of Supervised Release in the Petition and Supplemental Petition on Violation of Supervised Release.  Based upon the facts alleged in the Petition and Supplemental Petition and in light of the Defendant's waivers, the Court finds that probable cause exists to believe that the Defendant violated one or more conditions of his release.

   Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

   In making my findings of fact, I have taken judicial notice of the information set forth in the Petition and Supplemental Petition on Violation of Supervised Release, the Judgment, the Pretrial

Services Report and the Pre-Sentence Investigation Report, and the Defendant's waivers of the Preliminary Hearings and I find that the Defendant has not met his burden of proof as to detention.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

The Defendant will be notified of his next Court appearance.

**DATED and ENTERED** this 5th day of November, 2013.

                                       **BY THE COURT:**

                                       <u>s/David L. West</u>
                                       **United States Magistrate Judge**